**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL BOYD, PAUL LEE and** | ) | |
| **KENDRICK PEARSON, on behalf of** | ) | |
| **themselves and all others similarly situated,** | ) | **Civil Action No. 3:12-cv-00704-JPG** |
| | ) | |
| **Plaintiffs,** | ) | **CJRA TRACK:  D** |
| **v.** | ) | |
| | ) | **PRESUMPTIVE TRIAL MONTH:** |
| **S. A. GODINEZ, Director of the Illinois** | ) | **July 14, 2014** |
| **Department of Corrections and RANDY** | ) | |
| **DAVIS, Warden of Vienna Correctional** | ) | **Judge J. Phil Gilbert** |
| **Center, in their official capacities,** | ) | |
| | ) | **Magistrate Judge Philip M. Frazier** |
| **Defendants.** | ) | |

**AMENDED MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to the February 26, 2013 Protective Order and in accordance with the instructions from this Court during the hearing on August 15, 2013, Plaintiffs Michael Boyd, Paul Lee and Kendrick Pearson (collectively, "Plaintiffs") respectfully request leave of Court to file under seal Exhibit 7A to the Memorandum in Support of Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement.  In support of their motion, Plaintiffs state as follows:

1.      On February 26, 2013, this Court granted the parties' Joint Motion for a Protective Order and entered the parties' Stipulated Protective Order ("Protective Order").  See February 26, 2013 Order (Dkt. # 30).  Pursuant to the February 26, 2013 Protective Order, the parties in this case are permitted to designate certain material as "Confidential" or "Confidential – Attorneys' Eyes Only."  See Protective Order at ¶ 1; see also Fed. R. Civ. P. 26(c)(1).  The Protective Order further allows the parties to use material marked "Confidential" or "Confidential -- Attorneys' Eyes Only" in motions, briefs, or other documents filed with the Court, provided that the party seeking to do so requests that the document be filed under seal in

1

accordance with the procedures set forth by this Court.  See Protective Order at ¶ 11; see also February 26, 2013 Order (Dkt. # 30).

2.      On November 16, 2012, counsel for Plaintiffs conducted an inspection of the Vienna Correctional Center ("Vienna").  During that inspection, more than 400 hundred photographs documenting prison conditions were taken by Illinois Department of Corrections ("IDOC") staff.  Some of these photographs contain depictions of the layout of and security at Vienna.  Accordingly, Defendants produced the inspection photographs to Plaintiffs designated as "Confidential—Attorneys' Eyes Only."  See Protective Order at ¶ 3 (allowing the parties to designate as "Confidential—Attorneys' Eyes Only" any highly sensitive information which, if disclosed, could compromise the safety of IDOC staff).  Plaintiffs attached certain of these photographs to their Memorandum in Support of Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement as Exhibit 7.  Plaintiffs then filed a Motion to File Documents Under Seal requesting that the Court seal Exhibit 7, among other exhibits.  See Motion to File Documents Under Seal (Dkt. #35).

3.      The Court held a hearing on Plaintiffs' Motion to File Documents Under Seal on August 15, 2013.  See Order (Dkt. #38).  At the hearing, the Court provided further instruction to the parties regarding which exhibits may be filed under seal.

4.      In accordance with those instructions, Plaintiffs have filed concurrently with this motion an amended exhibit list and set of exhibits in which the personal identification information of inmates is redacted and which contain certain photographs taken during the inspection of Vienna that do not contain depictions of the layout of and security at Vienna.  See Amended Exhibits to Memorandum in Support of Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement at Exs. 7, 12, 14-17, 19, 20, 23, 24, 26-29 and 31.  Also

in accordance with the Court's instructions, Plaintiffs hereby request that Exhibit 7A, which contains a subset of photographs taken during the inspection of Vienna and which depict the layout of and security at Vienna, be filed under seal.

5. As stated by the Seventh Circuit, documents and other material filed with the court may be placed under seal if the property and privacy interests of the litigants or third parties override the public's interest in observing "what goes on at all stages of a judicial proceeding." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999). In order to overcome the public's interests, the party attempting to seal documents must demonstrate "good cause" for sealing. See id.; see also Fed. R. Civ. P. 26(c)(1). Among the factors a court may consider in making the determination that good cause exists to file a document under seal are public health and safety. See Citizens, 178 F.3d at 944-45 (7th Cir. 1999); Belbachir v. United States, No. 08 C 50193, 2012 U.S. Dist. LEXIS 160792, at *6-9 (N.D. Ill. Nov. 9, 2012) (upholding the sealing of immigration and law enforcement documents, including documents related to specific detainees, in order to ensure the safety of law enforcement agents and others).

6. In this case, there is good cause to allow some of the photographs of the inspection of Vienna to be filed under seal. As noted above, the inspection photographs were designated "Confidential-Attorneys' Eyes Only" by IDOC due to concerns regarding the safety and security of the inmates and staff at Vienna. See disc. supra at ¶ 2. Courts have routinely recognized that such concerns represent good cause for filing documents under seal. See Belbachir, 2012 U.S. Dist. LEXIS 160792 at *6-9; Connell v. Tate, No. 3:10-cv-221, 2012 U.S. Dist. LEXIS 9453, at *22-23 n.5 (M.D. Fla. Jan. 25, 2012) (allowing certain exhibits to be filed under seal to protect the security and safety of a prison facility, stating that the exhibits "show

3

the internal structure of the prison facility and reveal the capabilities of prison cameras"); Lopez v. Cook, No. CIV S-03-1605, 2008 U.S. Dist. LEXIS 1554, at *34-35 (E.D. Cal. Jan. 9, 2008) (maintaining seal of prison documents containing identifying information of inmates in order to preserve inmate safety).

7.   Accordingly, Plaintiffs respectfully request an order granting leave to file under seal Exhibit 7A to the Memorandum in Support of Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement.

WHEREFORE, Plaintiffs Michael Boyd, Paul Lee and Kendrick Pearson respectfully request that this Court enter an order granting leave to file under seal Exhibit 7A to the Memorandum in Support of Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement.  Plaintiffs further request any other relief the Court deems appropriate.

Dated: August 27, 2013                    Respectfully submitted,

                                          s/ Kathleen P. Lally
                                          One of the Attorneys for Plaintiffs Michael Boyd,
                                          Paul Lee and Kendrick Pearson, on behalf of
                                          themselves and all others similarly situated

Mark S. Mester
    mark.mester@lw.com
Kathleen P. Lally
    kathleen.lally@lw.com
Robert C. Collins III
    robert.collins@lw.com
Malorie Medellin
    malorie.medellin@lw.com
LATHAM & WATKINS, LLP
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

Alan Mills
    alanmills@comcast.net

UPTOWN PEOPLE'S LAW CENTER
4413 North Sheridan
Chicago, Illinois 60640
Telephone: (773) 769-1411
Facsimile: (773) 769-2224

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 27, 2013, I electronically filed Plaintiffs' Amended Motion to File Documents Under Seal with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated:  August 27, 2013

<u>s/ Kathleen P. Lally</u>