IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BOYD, PAUL LEE and KENDRICK PEARSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>S. A. GODINEZ, Director of the Illinois Department of Corrections and RANDY DAVIS, Warden of Vienna Correctional Center, in their official capacities,<br><br>Defendants. | Civil Action No. 3:12-cv-704-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on the plaintiffs' Amended Motion to File Documents Under Seal (Doc. 40). In that motion, the plaintiffs seek permission to file under seal certain exhibits (a group of photographs tendered as Exhibit 7A) to its motion for settlement class certification that have been marked confidential during discovery and that reveal internal structures and layouts of Vienna Correctional Center.

Filing documents under seal is a serious matter that should be allowed only in rare circumstances.

> What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.

*Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Sealing documents is not justified simply by an agreement between the parties to keep matters private. The secrecy the parties choose to maintain among themselves during discovery is one matter; the secrecy they would like to impose upon public Court records is another. Judicial proceedings

leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996); *cf. Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994).

There is a common law right of access to documents filed in litigation. *Methodist Hosps.*, 91 F.3d at 1031; *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978). "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh*, 24 F.3d at 897; *see generally Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). "Though its original inception was in the realm of criminal proceedings, the right of access has since been extended to civil proceedings because the contribution of publicity is just as important there." *Grove Fresh*, 24 F.3d at 897. The common law holds that "court files and documents should be open to the public unless the court finds that its records are being used for improper purposes." *Id.*

In addition to this common law right of access to court documents, there is a constitutional right of access to court records. *Id.* at 897; *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982). "The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *Grove Fresh*, 24 F.3d at 897 (internal quotations omitted). "This presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Grove Fresh*, 24 F.3d at 897 (quoting *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). For example, a court may seal records to protect trade secrets or other kinds of information deserving of long-term confidentiality. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *see Nixon*, 435 U.S. at 598 (to protect business information that could harm litigant's competitive standing). "[W]hen

a court finds that the presumption of access has been rebutted by some countervailing interest, that 'interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Grove Fresh*, 24 F.3d at 898 (quoting *Press Enterp.*, 464 U.S. at 510).

The Court has reviewed the photographs and finds that the presumption of public access to Exhibit 7A has been rebutted by the countervailing interest of maintaining safety and security at Vienna Correctional Center. The public disclosure of the photographs in Exhibit 7A would jeopardize the safety and security of the institution because they reveal the layout of the institution and information about what is located behind various external window of the institution, which could facilitate an escape from or attack on the institution. For these reasons, the Court finds that the safety and security risk by disclosure of these photographs outweighs the public's interest in access to evidence that the Court will consider in determining the propriety of class certification and the fairness of the anticipated proposed settlement agreement. Accordingly, it **GRANTS** the amended motion (Doc. 40) and **ORDERS** that the plaintiffs shall have up to and including September 6, 2013, to file Exhibit 7A under seal. They should link the sealed exhibit to the motion for settlement class certification. The original Motion to File Documents Under Seal (Doc. 35) is rendered **MOOT** by this ruling.

**IT IS SO ORDERED.**
**DATED:  August 30, 2013.**

                 s/J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **UNITED STATES DISTRICT JUDGE**