IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL BOYD, PAUL LEE and KENDRICK PEARSON, on behalf of themselves and all others similarly situated,** )<br>)<br>)<br>) | |
| **Plaintiffs,** )<br>) | |
| ) | Civil Action No. 3:12-cv-704-JPG-PMF |
| v. )<br>) | |
| **S. A. GODINEZ, Director of the Illinois Department of Corrections and RANDY DAVIS, Warden of Vienna Correctional Center, in their official capacities,** )<br>)<br>)<br>)<br>) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on the Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement (Doc. 33).

**I.     Background**

The plaintiffs in this case seek declaratory and injunctive relief relating to the living conditions at Vienna Correctional Center ("Vienna"), an institution within the Illinois Department of Corrections ("IDOC"). Specifically, the plaintiffs allege that Vienna is severely overcrowded; the facility is poorly maintained – raw sewage overflows in the toilets and backs up in the showers; the entire facility, including the kitchen and dining hall, is infested with insects and vermin; the facility lacks adequate ventilation, exposing prisoners to extreme temperatures; and the buildings are infested with mold. They further allege that defendants IDOC Director S.A. Godinez and Vienna Warden Randy Davis have been and continue to be deliberately indifferent to the health and safety risks those conditions pose by failing to make reasonable efforts to correct them, all in violation of the Eighth Amendment rights of inmates

housed at Vienna.[1]

The plaintiffs seek to represent the following class of inmates for settlement purposes only:

> All inmates housed at Vienna Correctional Center since June 13, 2012, and all inmates to be housed at Vienna Correctional Center.

The defendants do not object to the certification of this class so long as it is only for the purposes of settlement of this case. The plaintiffs also ask the Court to appoint them as class representatives and to appoint their current counsel as counsel for the class.

## II.     Class Certification Requirements

A principal purpose of class certification is to save the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical manner. *See General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 155 (1982). The Court may certify a class if it satisfies all four provisions of Federal Rule of Civil Procedure 23(a), at least one provision of Rule 23(b) and the implied prerequisites that a class be ascertainable and that the class representatives be within the class. It is the moving party's burden to establish that each of the prerequisites of Rule 23 is satisfied. *Falcon*, 457 U.S. at 161. A plaintiff's failure to satisfy any of the Rule 23 requirements precludes class certification. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993) (citing *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993)). Generally, when ruling on a motion for class certification, the Court does not consider the merits of the case; rather, the Court focuses on whether the certification requirements are satisfied. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974).

The Court must rigorously assess whether the prerequisites have been met, *see Falcon*,

---

[1] These Eighth Amendment rights are applicable to state prisoners through the Fourteenth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976).

2

457 U.S. at 161, and, if the party seeking class certification meets each of them, the Court must certify the proposed class, *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99 (2010) (noting "a categorical rule entitling a plaintiff whose suit meets the specified criteria [of Rule 23] to pursue his claim as a class action"). The Court has broad discretion to determine whether a proposed class satisfies the requirements, *Keele v. Wexler,* 149 F.3d 589, 592 (7th Cir. 1998), and should err in favor of maintaining class actions, *King v. Kansas City S. Indus., Inc.*, 519 F.2d 20, 26 (7th Cir. 1975).

    A.    <u>Implied Prerequisites</u>

Before the Court can address the issues raised by Rule 23, the moving party must satisfy two implied prerequisites of Rule 23. The first is that the class is sufficiently defined so as to be identifiable as a class. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The second is that the named representative fall within the class. *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977).

The plaintiffs' proposed class is sufficiently identifiable as a class and is not overbroad. It will be a relatively simple matter to ascertain from prison records who has been or is housed at Vienna during the relevant time period. Furthermore, it is clear that the named plaintiffs fall within the class definition in that they were housed in Vienna after June 13, 2012. Thus, the plaintiffs have satisfied the implied prerequisites to class certification.

    B.    <u>Rule 23(a)</u>

Rule 23(a) allows a plaintiff to sue on behalf of a class only if all four of the following elements are satisfied:

    (1)    the class is so numerous that joinder of all members is impracticable;

    (2)    there are questions of law or fact common to the class;

    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

>    (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

### 1.   Numerosity of Parties

Rule 23(a)(1) requires that the proposed class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). When the class is large, numbers alone may be dispositive of numerosity. *See Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986). In light of the fact that Vienna houses more than 1,000 inmates at any given time and that inmates are transferred in and out or are released on a regular basis, it is clear that joinder of all class members would be impracticable. The plaintiffs have satisfied the numerosity requirement.

### 2.   Commonality of Issues

A named class representative may sue on behalf of the class only if there are questions of law or fact common to the class. This commonality requirement serves the dual purposes of (1) fair and adequate representation of the interests of absent class members and (2) practical and efficient case management. 5 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 23.23 (3d ed. 1999). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). Common nuclei of fact are typically manifest where the defendants have engaged in standardized conduct towards members of the proposed class. *Id.*. Some factual variation in the details of individual claims does not defeat a finding of commonality. *Rosario*, 963 F.2d at 1017. Courts give Rule 23(a)(2) a "highly permissive reading," requiring plaintiffs to show only that there is more than one issue of law or fact in common. *See Markham v. White*, 171 F.R.D. 217, 222 (N.D. Ill. 1997). Though the commonality requirement is permissive, an issue of law or fact is not "common" unless its

resolution "will advance the litigation." *See Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). Standardized conduct with respect to the conditions of confinement in a penal institution can satisfy the commonality requirement. *See, e.g., Flynn v. Doyle*, No. 06-C-537, 2007 WL 805788, at *3 (E.D. Wis. 2007); *Williams v. Lane*, 96 F.R.D. 383, 385-86 (N.D. Ill. 1982); *Green v. Cady*, 90 F.R.D. 622, 623 (E.D. Wisc. 1981).

There is clearly a common nucleus of operative facts and law at issue with respect to the putative class. All putative class members have been exposed to nearly identical living conditions when they were housed in Building 19 upon entry into Vienna and substantially similar living conditions in other housing assignments thereafter. Furthermore, the defendants have engaged in a standardized course of conduct toward all members of the proposed class in their responses to the living conditions at Vienna. Whether the conditions at Vienna objectively posed a serious risk to inmate health and safety and whether the defendants knew about and disregarded that risk are issues common to all putative class members. Deciding these common issues of law and fact would be a fair, practical and efficient way to advance this litigation. For this reason, the Court finds that the highly permissive commonality requirement is met.

        3.      <u>Typicality of Claims and Defenses</u>

Whether the named plaintiffs' claims are typical of those of the class members they seek to represent is closely related to the commonality inquiry, but problems with commonality often take on greater significance in the typicality context. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) ("The question of typicality in Rule 23(a)(3) is closely related to the . . . question of commonality."). Subsection (a)(3) directs the Court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the

5

claims of other class members and his or her claims are based on the same legal theory." *Id.*

Despite the apparent similarity, the commonality and typicality requirements serve different functions. The commonality requirement questions the relationship of the claims among the class itself, while the typicality requirement focuses on the relation between the representatives and the class as a whole. The Court should concentrate on the defendants' alleged conduct and the plaintiffs' legal theory to satisfy Rule 23(a)(3). *Rosario*, 963 F.2d at 1018. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. *De La Fuente*, 713 F.2d at 232. Thus, similar legal theories may control even in the face of different facts. *Id.* "Properly applied, these guidelines should uphold the rationale behind the typicality requirement, namely that 'a plaintiff with typical claims will pursue his or her own self-interest in the litigation and in so doing will advance the interests of the class members, which are aligned with . . . those of the representative.'" *Insolia v. Philip Morris Inc.*, 186 F.R.D. 535, 544 (W.D. Wis. 1998) (quoting 1 H. Newberg, *Newberg on Class Actions*, § 3.13 (3d ed. 1992)).

The named plaintiffs' claims are typical of those of the rest of the putative class. They all rely on the same legal theories – the defendants' observance of inmates' right to be free from cruel and unusual punishment – and arise out of the same set of living conditions at Vienna. The Court is confident that in pursuing their own claims, the named plaintiffs will advance the interests of the putative class members. Thus, the plaintiffs' claims are typical of those of the proposed class.

    4. <u>Adequacy of Representation</u>

The adequacy of representation requirement tends to merge with the commonality and typicality criteria of Rule 23(a). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 n. 20 (1997). The proposed class representatives must at a minimum "possess the same interest and

suffer the same injury as the class members." *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (internal quotations omitted).  They must also not have any interests in conflict with those of other members of the class and must have a sufficient interest in the litigation to ensure vigorous advocacy.  *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 308 (N.D. Ill. 1995)) (internal quotation omitted); *see Spano v. The Boeing Co.*, 644 F.3d 574, 586-87 (7th Cir. 2011).  When an inmate is released from a correctional facility with no reasonable likelihood that he will return and face the same problems faced by the putative class, he is not a good candidate for class representative in a suit seeking injunctive relief.  *See, e.g., Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008) (released plaintiff did not meet adequacy requirement where it was possible for a more suitable representative to emerge).

      The Court is given pause at this point.  While there is no indication the named plaintiffs have any interests that conflict with putative class members, they no longer have a personal interest in the outcome of the case.  Each named plaintiff was released from Vienna in 2013, consequently, will not be affected by any injunctive or declaratory relief (or lack thereof) that might result from this lawsuit.  Although they have actively participated in the litigation to this point and have stated that they are committed to continuing to participate, their continuing interest in this litigation appears – at least as documented in the file at the present time – insufficient to allow them to represent the interests of the putative class.  The plaintiffs have failed to satisfy this requirement.

      Nevertheless, because, as explained in the rest of this order, this is the only deficiency in the request for class certification, rather than denying the motion for class certification outright, the Court will reserve ruling and allow the plaintiffs to remedy this deficiency.  It will allow them an opportunity to recruit a substitute plaintiff who could serve as an adequate class representative during the later phases of this case, including settlement negotiations.  Plaintiffs'

counsel has indicated this may be difficult because Vienna inmates are unlikely to be housed at Vienna long enough to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), especially where prison officials have the ability to drag out administrative proceedings beyond what is necessary to address inmates' complaints. For this reason, as an alternative, the Court will also allow the plaintiffs an opportunity to present a compelling argument why the Court should allow them to be named as class representatives despite their lack of personal stake in the outcome of this case. The Court further reminds the parties that, as part of a potential settlement agreement, the defendants may agree to waive the affirmative defense of failure to exhaust.

The Court now turns to the requirements of Rule 23(b).

C.   Rule 23(b)

If all of the elements of Rule 23(a) are established, the moving party must also show one of the elements outlined in Federal Rule of Civil Procedure 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). The plaintiffs request certification first under Rule 23(b)(2), which states that a class action may be maintained if:

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

Rule 23(b)(2) is satisfied where a defendant's conduct or refusal to act was generally applicable to the class and where final injunctive or declaratory relief with respect to the entire class would be the appropriate remedy. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). "As a general matter, Rule 23(b)(2) is invoked in cases where injunctive or declaratory relief is the primary or exclusive relief sought." *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 335 (N.D. Ill. 1995).

Here, the defendants have acted or refused to act in a manner generally applicable to the class with respect to their response to the conditions of confinement at Vienna, and the plaintiffs

8

seek only declaratory and injunctive relief. Accordingly, class certification is appropriate under Rule 23(b)(2).

      D.    <u>Appointment of Class Counsel</u>

Under Rule 23(g)(1), if the Court certifies a class, it must appoint class counsel to fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(4). In naming class counsel, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). It may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(b)(1)(B).

Mark Mester and Kathleen Lally, of Latham & Watkins LLP, and Alan Mills, of Uptown People's Law Center, seek appointment as class counsel in this case. The materials submitted in support of their appointment show they are well-qualified to represent the plaintiff class in this case.

### III. Conclusion

For the foregoing reasons, the Court **RESERVES RULING** on the motion for class certification for settlement purposes (Doc. 33). The Court further **ORDERS** that the plaintiffs shall have up to and including October 25, 2013, to either (1) recruit an adequate substitute plaintiff to intervene in this case or (2) file a supplemental brief in support of their motion for class certification addressing why the Court should allow the plaintiffs to be named as class representatives despite their lack of personal stake in the outcome of this case. Should this time

period be insufficient, the Court would entertain a motion for a reasonable extension of time.

**IT IS SO ORDERED.**
**DATED: September 16, 2013.**

                s/J. Phil Gilbert
                **J. PHIL GILBERT**
                **UNITED STATES DISTRICT JUDGE**