**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL BOYD, PAUL LEE and KENDRICK PEARSON, on behalf of themselves and all others similarly situated,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 3:12-cv-704-JPG-PMF** |
| **v.** | ) | |
| **S. A. GODINEZ, Director of the Illinois Department of Corrections and RANDY DAVIS, Warden of Vienna Correctional Center, in their official capacities,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Plaintiffs' Unopposed Motion for Leave to File a First Amended Complaint (Doc. 48) and Unopposed Motion for Class Certification for Purposes of Settlement (Doc. 33). The plaintiffs filed this putative class action seeking declaratory and injunctive relief with respect to the conditions of confinement at Vienna Correctional Center ("Vienna"). In a September 16, 2013, order, the Court found that all of the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) for class certification for settlement purposes had been satisfied except for Rule 23(a)(4), the adequacy of the named plaintiffs to represent the class. The Court noted that the named plaintiffs did not have a personal stake in the outcome of this litigation because they were no longer housed at Vienna and allowed them additional time to recruit a substitute plaintiff or to argue why they should be allowed to represent the class anyway. The plaintiffs have done both.

The plaintiffs ask the Court for leave to file an amended complaint adding a new plaintiff, J.B. Washup, a current inmate at Vienna, and updating certain statistics and information regarding the plaintiffs. As a current inmate at Vienna, Washup has suffered the same alleged

wrongs as the current plaintiffs and has a personal stake in this lawsuit to change those conditions.

Because the time for amendment as a matter of right has passed, whether the plaintiffs should be allowed to amend their complaint is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiffs have not obtained, or leave of court, which the Court should freely give when justice requires. Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

It appears that Washup's claim arises out of the same conditions of confinement and presents the same issues of law and fact as the other plaintiffs. Therefore, joinder of his claim in this case is proper under Federal Rule of Civil Procedure 20(a)(1). Furthermore, it appears that Washup would add significant value as a named plaintiff to this putative class action because, having a personal stake in its outcome, he would be a good candidate to serve as a class representative. Finally, the Court finds that none of the factors counseling against amendment are present. Accordingly, the Court **GRANTS** the motion for leave to amend (Doc. 48) and **ORDERS** that the plaintiffs shall have up to and including November 15, 2013, to electronically

file their amended complaint. The Court **RESERVES RULING** on the motion for class certification for settlement purposes (Doc. 33) until the plaintiffs file the amended complaint.

**IT IS SO ORDERED.**
**DATED: October 29, 2013.**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**