IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BOYD, PAUL LEE, KENDRICK PEARSON and J.B. WASHUP, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>S. A. GODINEZ, Director of the Illinois Department of Corrections and RANDY DAVIS, Warden of Vienna Correctional Center, in their official capacities,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 3:12-cv-704-JPG-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement (Doc. 33) and supplemental brief in support of the motion for settlement class certification (Doc. 49). The plaintiffs filed this putative class action seeking declaratory and injunctive relief with respect to the conditions of confinement at Vienna Correctional Center ("Vienna").

In a September 16, 2013, order (Doc. 44), the Court found that all of the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) for class certification for settlement purposes had been satisfied except for Rule 23(a)(4), the adequacy of the named plaintiffs to represent the class. The Court noted that the plaintiffs did not have a personal stake in the outcome of this litigation and allowed them additional time to recruit a substitute plaintiff or to argue why they should be allowed to represent the class anyway. The plaintiffs have done both. They have recruited an additional named plaintiff – J.B. Washup – and offer him as an adequate representative. They have also argued that the original three named plaintiffs – Michael Boyd, Paul Lee and Kendrick Pearson – would also be adequate class representatives in light of the

inherently transitory nature of the alleged wrongs at issue in this case. The wrongs are inherently transitory, the plaintiffs argue, because it is unlikely any member of the proposed class will remain incarcerated at Vienna for the entire duration of the litigation. They note that inmates are generally incarcerated at Vienna for less than a year, and they are subject to transfer at any time. Additionally, they must exhaust administrative remedies before filing suit, which could take as long as eight months, substantially narrowing the window for filing a lawsuit and obtaining a decision on class certification.

The "inherently transitory" concept is an exception to the mootness doctrine that allows the Court to retain jurisdiction over class claims that constantly present but that are so short-lived for any individual that it is uncertain whether they will endure for any one person long enough for the Court to certify a class. *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 399 (1980) (citing *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)). In order for the "inherently transitory" exception to the mootness doctrine to apply, it must be uncertain that the claim would remain live for anyone long enough for the Court to certify a class, and there must be a constant class of persons suffering the wrong alleged in the complaint. *Olson v. Brown*, 594 F.3d 577, 582 (7th Cir. 2010) (citing *Gerstein,* 420 U.S. at 110 n. 11; *Zurak v. Regan,* 550 F.2d 86, 91-92 (2d Cir. 1977)).

There is no question in this case that the original plaintiffs' motion for class certification in September 2012 (Doc. 16), filed when they were still incarcerated at Vienna, has prevented this case from becoming moot. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs" to make their claims moot before class certification.). It is also clear that had the Court granted class certification while the named plaintiffs were still incarcerated at Vienna

and had a personal stake in this case, and had they then lost that personal interest after class certification, they could still continue as class representatives. *See Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008) ("Since the named plaintiff is the representative of the unnamed class members, the evaporation of his claim no more bars him from continuing in that capacity (provided a class has been certified) . . . than a lawyer is barred from representing a litigant just because the lawyer himself has no dispute with the defendant.").

However, the question before the Court now is not about mootness but the suitability of the named plaintiffs to be named as class representatives under Federal Rule of Civil Procedure 23(a)(4). Counsel has not explained how the "inherently transitory" doctrine relating to mootness applies to the adequacy of a class representative under Rule 24(a)(4). The Court is given further pause by the actual recruitment of Washup as additional plaintiff who, if he remains incarcerated at Vienna at the end of today, will have had a live controversy long enough for the Court to rule on the settlement class certification motion. If Washup exists and is willing and available to take the baton from Boyd, Lee and Pearson, there is no need for Boyd, Lee and Pearson to represent the class.

The Court believes Washup is an adequate representative of the putative class. The Court has set forth the standards for adequacy in its September 16, 2013, order:

> The proposed class representatives must at a minimum "possess the same interest and suffer the same injury as the class members." *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (internal quotations omitted). They must also not have any interests in conflict with those of other members of the class and must have a sufficient interest in the litigation to ensure vigorous advocacy. *Chandler v. Southwest Jeep-Eagle, Inc.,* 162 F.R.D. 302, 308 (N.D. Ill. 1995) (internal quotation omitted); *see Spano v. The Boeing Co.*, [633] F.3d 574, 586-87 (7th Cir. 2011).

Mem. and Order at 6-7 (Doc. 44). There is no indication Washup has any interests that conflict with putative class members, and his current incarceration at Vienna ensures he will vigorously fight to improve the living conditions there. It appears he will be an adequate class

3

representative.

Having found in its September 16, 2013, order (Doc. 44) that the plaintiffs have satisfied the requirements of Rule 23(a)(1), (2) and (3), Rule 23(b)(2) and Rule 23(g), and having found in this order that plaintiff Washup has satisfied the requirements of Rule 23(a)(4), the Court:

- **GRANTS** the Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement (Doc. 33);

- **CERTIFIES** the following class for settlement purposes only:

    All inmates housed at Vienna Correctional Center since June 13, 2012, and all inmates to be housed at Vienna Correctional Center;

- **APPOINTS** plaintiff J.B. Washup as class representative; and

- **APPOINTS** attorneys Mark Mester and Kathleen Lally, of Latham & Watkins LLP, and Alan Mills, of Uptown People's Law Center, as class counsel.

**IT IS SO ORDERED.**
**DATED: October 31, 2013.**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
