IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL BOYD, PAUL LEE, KENDRICK PEARSON and J.B. WASHUP, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 3:12-cv-00704-MJR-RJD |
| S.A. GODINEZ and RANDY DAVIS, | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

DALY, Magistrate Judge:

This is a prisoner civil rights action involving the conditions of confinement at Vienna Correctional Center ("Vienna"), a minimum security prison within the Illinois Department of Corrections ("IDOC"). Plaintiffs filed suit on June 13, 2012 (Doc. 2) seeking to proceed as a class action. Plaintiffs asserted in their complaint that the conditions at Vienna had become squalid, overcrowded and unfit for human habitation. In their complaint, Plaintiffs only sought prospective injunctive relief; they did not seek monetary damages. The Court later granted Plaintiff's Motion for Class Certification, limited for the purposes of settlement. (Doc. 52). However, despite protracted settlement discussions the parties were unable to reach a settlement agreement.

Plaintiffs now seek voluntary dismissal of this action without prejudice. Plaintiffs state that the conditions at Vienna have greatly improved and that IDOC officials have reduced the inmate population at Vienna by approximately 42%. Additionally, general population inmates are no longer housed in Building 19, the housing structure noted as having the worst conditions at Vienna. In January, 2017 notice of dismissal was provided to the current inmates at Vienna.

No class members objected to dismissal and the Defendants did not file a response in opposition to Plaintiffs' motion. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Voluntary Dismissal be granted and that this matter be dismissed without prejudice.

## I. BACKGROUND

Plaintiffs initiated this action on June 13, 2012. (Doc. 2). Plaintiffs state in their complaint that Vienna is a minimum security prison in Southern Illinois that houses low level offenders. (Doc. 2, p. 1, ¶1). When Vienna opened in 1965, IDOC provided inmates at the facility with an assortment of educational and vocational opportunities. *Id*. The prison focused on rehabilitation and providing skills to assist with the inmates' reentry back into society. *Id*. The prison itself functioned similarly to a small town or college campus, and until about the late 1990s inmates did not wear uniforms nor did the facility have a fence. *See* John Howard Association Report, *Id*. at pp. 26-43. Furthermore, IDOC officials permitted Vienna inmates to perform volunteer work outside the prison, and local residents were allowed to enroll in the prison educational programs. *Id*. at p. 4, ¶ 15.

According to Plaintiffs' complaint, the conditions of confinement at Vienna have declined substantially since its opening. (Doc. 2, p. 1, ¶ 2). It was initially intended that the facility would hold a maximum of 925 prisoners, but in 2012 the facility incarcerated approximately 1900 individuals. *Id*. at ¶¶ 1-2. Inmates at Vienna were housed in six single story housing structures and one three story housing structure referred to as "Building 19." *Id*. at p. 5, ¶ 17. The overpopulation situation was particularly acute in Building 19. *Id*. at p. 5, ¶ 17. The first floor of Building 19 contained the prison's segregation unit and the two upper floors housed general population inmates. *Id.* at p. 5, ¶ 18. The inmates on the two upper floors did not live in cells, but were housed in crowded open bays consisting of narrow rows of double bunkbeds. *Id*.

at p. 5, ¶ 18. Due to the high inmate population, Building 19 lacked sufficient sinks, toilets and showers. Id. at p. 5, ¶ 18. Furthermore, common area space was sharply limited and inmates in Building 19 only received two to three hours of recreation time per week. Id. at p. 6, ¶ 21.

Plaintiffs also stated in their complaint that prison officials failed to provide necessary maintenance and upkeep to the physical plant. (Doc. 2, p. 7, ¶ 26). Mice, insects and other vermin were commonplace in the structures at Vienna. *Id.* at p. 7, ¶ 27. Many of the windows in the housing units were broken and boarded up. *Id.* at p. 9, ¶ 37. Mold was also found throughout the structures at Vienna and inmates were not provided adequate cleaning supplies to correct the problem. *Id*. at pp. 10-11, ¶¶ 40-45. The conditions in Building 19 were particularly bad. *Id*. at p. 11, ¶ 46. Mold was pervasive, the ventilation was inadequate, the plumbing fixtures did not function properly and the overall conditions were generally filthy. *Id* at pp. 11-13, ¶¶ 40-45.

Plaintiffs brought this action against S.A. Godinez, IDOC Director, and Randy Davis, Warden of Vienna, each in his official capacity. Plaintiffs sought injunctive relief and declaratory relief. They have not sought monetary damages.

On August 1, 2013, Plaintiffs filed an "Unopposed Motion for Class Certification for Purposes of Settlement." (Doc. 33). Finding that the Plaintiffs satisfied all of the requirements for class certification set forth in Rule 23(a) of the Federal Rules of Civil Procedure, the Court granted Plaintiff's motion on October 31, 2013. (Doc. 52). The class consists of "[a]ll inmates housed at Vienna Correctional Center since June 13, 2012, and all inmates to be housed at Vienna Correctional Center." *Id*. Plaintiffs and Defendants subsequently engaged in settlement negotiations. On October 30, 2014, the Court held an in person status conference at Vienna with Judge Gilbert and Judge Frazier in attendance. (Doc. 65). Judge Frazier also conducted settlement conferences on December 13, 2013 (Doc. 56) and on June 25, 2015 (Doc. 89).

However, the parties were unable to reach a settlement. (*See* Joint Status Report, filed May 10, 2016 at Doc. 96). On May 20, 2016, the Court issued a revised scheduling order and the parties returned to active litigation. (Doc. 97).

As the parties engaged in the discovery process, Plaintiffs became aware that the conditions at Vienna have improved significantly since this lawsuit was initially filed. (Declaration of Kathleen Lally, Doc. 115, pp. 23-29). In response to Plaintiffs' requests for admissions, Defendants stated that they no longer house inmates in general population in Building 19, and they do not IDOC intend to place inmates in the Building 19 areas that previously housed general population units. *Id*. at p. 27. On October 31, 2016, counsel for Plaintiffs and Defendants conducted a tour of Vienna. *Id*. at p. 28. During the tour, Plaintiffs' counsel observed that inmates were no longer being housed on the second and third floors of Building 19. *Id*. at p. 28. Inmates were housed in the Building 19 first floor infirmary and the segregation cells; however, inmates were no longer housed in the "cage like" first floor segregation bunk room. *Id*. at p. 28. Outside of building 19, Plaintiffs' counsel observed that the windows of the inmate cells in the six, single story housing units had been replaced. *Id*. at p. 28. Despite these improvements, renovations were still needed for some of the windows in the day room areas and guard areas. *Id*. at p. 28. Additionally, Plaintiffs' counsel noted that they toured one of the single story housing units (Housing Unit 6) and the Vienna dining hall. *Id*. at p. 29. Both structures generally appeared to be clean. *Id*. at p. 29.

On December 9, 2016, Plaintiffs filed their Motion for Voluntary Dismissal (Doc. 114). The parties subsequently filed a Joint Motion to Set Schedule for Distribution of Class Notice and Date for Fairness Hearing. (Doc. 116). The undersigned granted the joint motion, ordering that the dismissal notice be provided to the settlement class no later than January 30, 2017.

(Doc. 119). The dismissal notice advised members of the settlement class they could file objections or comments to the dismissal no later than March 1, 2017. The dismissal notice was posted on the inmate bulletin boards in the six housing units at Vienna, posted in the law library and displayed on the institution television channel. (Notice of Compliance at Doc. 121). The comment period lapsed with no objections being filed.

On March 28, 2017, the undersigned held a fairness hearing on Plaintiffs' motion for voluntary dismissal. (Minute Entry at Doc. 123). The parties reiterated that the conditions at Vienna have improved since this lawsuit began and that inmates are no longer being housed in the general population units in Building 19. Due to these changes, Plaintiffs seek to dismiss the action without prejudice. However, Plaintiffs stated that they intend to monitor the status of the housing arrangements at Vienna. If the situation at the facility reverts back to its previous conditions or if inmates are brought back to the general population units at Building 19, Plaintiffs indicated that they will refile this litigation.

## II. ANALYSIS

The Supreme Court has held that prisoners have an Eighth Amendment right to "adequate food, clothing, shelter, and medical care[.]" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). In other words, prisoners must be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981). Plaintiffs asserted in their complaint that the overcrowded, squalid housing conditions at Vienna amounted to an ongoing violation of their Eighth Amendment rights. Since filing suit, the conditions at Vienna have improved significantly. As a result, Plaintiffs state in their motion to dismiss that they "do not believe the remaining issues [at Vienna] provide a continued basis for their Eighth Amendment claims" and that they would like

to dismiss the action without prejudice. (Doc. 115, p. 6). Plaintiffs also note that "Defendants have agreed to provide written notice to Class Counsel should Defendants intend to repopulate Building 19 within two years of the date of dismissal" and that they intend to remain vigilant if issues arise at Vienna in the future. *Id*

Because the class in this matter was certified for the purposes of settlement, Plaintiffs acknowledge that Court approval is needed prior to voluntary dismissal. Fed. R. Civ. P. 23(e). Rule 23(e) states "The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Prior to approving dismissal of a certified class, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Additionally, "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Although the class in this case was certified only for the purposes of settlement, and the Plaintiffs seek dismissal *without* prejudice, the Court nonetheless finds that the all of the requirements set forth in Rule 23(e) have been satisfied.[1]

In this case, notice was provided in a reasonable manner to all the class members at Vienna. (Dismissal Notice included as exhibit to Court Order at Doc. 119). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is

[1] This matter was certified for the purpose of settlement only. Additionally, Plaintiffs seek dismissal without prejudice. Because it does not appear that dismissal without prejudice will actually "bind" the members of the class, it is not clear whether the requirements set forth at Rule 23(e) are strictly necessary in this case. After this matter is dismissed without prejudice, an inmate at Vienna would be free to file his own lawsuit seeking prospective injunctive relief or monetary damages. *See Crowder v. Lash*, 687 F.2d 996, 1009 (7th Cir. 1982) (Court noted approvingly that "several circuits have held that where a prisoner seeks damages for allegedly unconstitutional conditions of confinement he is not precluded by an earlier class action in which only declaratory and injunctive relief were sought"). However, the Rule 23(e) notice requirement and the requirements that the dismissal be fair, reasonable and adequate are all met in this case.

notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). Although the dismissal notice was not hand delivered to the inmates at Vienna, it was posted in the housing units, the law library, and broadcast on the prison television channel. The notice itself uses plain English, instructs the class members as to the ongoing proceedings, and provides directions as to how class members may file an objection to the dismissal. Plaintiffs filed this lawsuit seeking only declaratory relief and prospective injunctive relief. The class members consist of incarcerated individuals. Under these circumstances, the parties appear to have exercised "due regard for the practicalities and peculiarities of the case" in drafting the notice and providing it to the class members. *Id*. As such, the dismissal notice (and the manner in which it was provided to the class members) satisfied due process requirements, and was adequate under Rule 23(e).

Furthermore, voluntary dismissal under these circumstances is fair, reasonable and adequate. Plaintiffs filed their complaint seeking only declaratory relief and prospective injunctive relief. In their motion for voluntary dismissal, Plaintiffs note that the conditions of confinement at Vienna have significantly improved and that they are now under the belief that the "current conditions at Vienna do not provide the basis for a viable Eighth Amendment claim." Plaintiffs concede that they no longer have a viable Eighth Amendment claim for the purposes of prospective injunctive relief. In other words, Plaintiffs admit that a live controversy no longer exists. Although IDOC officials have not provided all of the facility renovations that Plaintiffs would like to see, Plaintiffs state that the changes to date "provide most of the relief that [was] sought[.]" Plaintiffs also state in the motion for voluntary dismissal that they are

satisfied with how the Defendants have handled Building 19 and that moving the general population inmates out of the structure "go[es] beyond what Class Counsel thought could be achieved either through settlement or litigation."

District Courts are directed to consider a variety of factors when making the determination that the proposal is fair, reasonable, and adequate. Such factors include "a comparison of the strengths of plaintiffs' case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation; the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). Plaintiffs appear to concede that their claims in this matter are now moot. A class action becomes moot "[w]hen the claims of all of the class members are moot." Davis v. Ball Mem'l Hosp. Ass'n, Inc., 753 F.2d 1410, 1416 (7th Cir. 1985). In sum, Plaintiffs essentially achieved the relief they were seeking in this case. Plaintiffs contend that the claims are now moot and no member of the class filed an objection to the notice of dismissal. Dismissal is also without prejudice. Finally, Plaintiffs state that they are continuing to monitor the situation at Vienna and that IDOC will "stipulate to providing written notice if it intends to house general population inmates in Building 19 or reopen the dormitory-style segregation unit any time within two years of dismissal." When viewed as a whole, voluntary dismissal without prejudice constitutes a fair, reasonable and adequate resolution to this matter.

## III. RECOMMENDATION

It is RECOMMENDED that Plaintiffs' Motion for Voluntary Dismissal (Doc. 114) be granted. If this Report and Recommendation is adopted, this matter shall be dismissed without prejudice. No further claims shall remain.

SO RECOMMENDED.

DATED: August 16, 2017.

*s/Reona J. Daly*
REONA J. DALY
UNITED STATES MAGISTRATE JUDGE